UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 20-9621-MWF (MRWx) | **Date:** December 2, 2020 |
| **Title:** Michael Silas v. Dignity Health et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION TO DISMISS ACTION [7]; MOTION TO REMAND CASE TO LOS ANGELES COUNTY SUPERIOR COURT [9]

Before the Court are two motions:

The first is Defendant Acumed LLC's ("Acumed") Motion to Dismiss, filed on October 27, 2020. (Docket No. 7). Plaintiff Michael Silas filed an opposition to the Motion to Dismiss on November 2, 2020. (Docket No. 9). Acumed filed a reply on November 23, 2020. (Docket No. 12).

The second is Plaintiff's Motion to Remand Case to Los Angeles County Superior Court (the "Motion"), filed on November 2, 2020. (Docket No. 8). Acumed filed an opposition on November 16, 2020. (Docket No. 11). Plaintiff did not file a reply.

Defendants Dignity Health and Roger Fontes did not participate in the briefing of either Motion. (*See generally* Docket).

The Motions were noticed to be heard on December 7, 2020. The Court read and considered the papers filed in connection with the Motions and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing is also consistent with General Order 20-09 arising from the COVID-19 pandemic.

---

**CIVIL MINUTES—GENERAL**

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 20-9621-MWF (MRWx)**     **Date:  December 2, 2020**
**Title:  Michael Silas v. Dignity Health et al.**

  For the reasons discussed below, the Motion to Remand is **GRANTED**. Acumen has failed to meet its heavy burden to show that Dignity Health was fraudulently joined.  The Motion to Dismiss is thus **DENIED** *as moot*.

**I. BACKGROUND**

  Plaintiff commenced this action against Defendants in Los Angeles County Superior Court on September 18, 2020.  (Notice of Removal ("NoR"), Ex. B ("Complaint") (Docket No. 1)).  It is undisputed that, for diversity purposes, Plaintiff is a citizen of California, Defendant Acumed is a citizen of Delaware and Illinois, Defendant Roger Fontes is a citizen of Nevada, and Defendant Dignity Health is a citizen of California.  (*See id.* at ¶¶ 9-13; *id.*, Ex. B, Complaint ¶¶ 1, 2).  Defendant Acumed removed the action to federal court on October 20, 2020, seeking to establish diversity jurisdiction by alleging that Dignity Health was fraudulently joined in the action.  (*Id.*).

  The Complaint alleges, in pertinent part, as follows:

  In July 2019, Plaintiff was a patient at St. Rose Dominican Hospital-Siena Campus, owned by Defendant Dignity Health, to receive treatment for a medical issue with Plaintiff's elbow.  (Complaint ¶ 16).  Plaintiff was treated by Defendant Dr. Fontes along with Dignity Health staff members under the direction of Dignity Health and Dr. Fontes.  (*Id.*).  In an effort to lower Dignity Health and Dr. Fontes's costs and expenses, Dignity Health and Dr. Fontes implanted a defective medical device manufactured by Defendant Acumen into Plaintiff's elbow, knowing that the device's defects were dangerous and could cause harm to Plaintiff, and without warning Plaintiff of the device's dangers.  (*Id.* ¶¶ 7, 9-10).

  The Complaint asserts four causes of action against Defendant Dignity Health: (1) negligent product liability; (2) fraud (failure to disclose and intentional concealment); (3) breach of implied and express warranty; and (4) professional negligence.  (*See* Complaint ¶¶ 30-72).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 20-9621-MWF (MRWx)           Date: December 2, 2020
Title: Michael Silas v. Dignity Health et al.

## II. REQUEST FOR JUDICIAL NOTICE

Acumed requests that the Court take judicial notice of two exhibits, a Google Maps webpage showing the physical location of St. Rose Dominican Hospital-Siena Campus, and the website of St. Rose Dominican Hospital-Siena Campus indicating its physical address (the "RJN"). (*See* Docket 11-2).

Arguably, these documents are proper for judicial notice. The Court would reach the same decision whether the documents are noticed or not. Therefore, the RJN may alternatively be viewed as **GRANTED** or **DENIED** *as moot*.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1332(a)(1), a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. The Supreme Court has interpreted § 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67-68 (1996).

An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)). The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state[.]" *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds v. The Boeing Co.*, CV 15-2846-SVW (ASx), 2015 WL 4573009, at *2 (C.D. Cal. July 28, 2015) ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-9621-MWF (MRWx)            **Date:** December 2, 2020

**Title:** Michael Silas v. Dignity Health et al.

The Court may look to affidavits and other evidence to determine whether the joinder is a sham, but must resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of Plaintiff. *Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). There is a heavy burden on the defendant, as "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials,* 494 F.3d at 1206. "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendants the court must remand." *Smith v. Allstate Ins. Co.*, 2010 WL 2510117, at *3 (N.D. Cal. June 17, 2010) (quoting *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1118 (N.D. Cal. 2002)).

## IV. DISCUSSION

Acumed argues that Plaintiff cannot state a claim against Dignity Health because under California choice of law principles, Nevada law applies to the action, and Plaintiff does not meet certain prerequisites to litigating medical malpractice claims under Nevada law. (Opposition at 5-13).

The Court declines to engage in a complicated choice-of-law analysis at this stage in the litigation. Although the Ninth Circuit has not decided the issue, the Court adopts the approach of persuasive authorities holding that "federal courts 'cannot engage in a choice of law analysis where diversity jurisdiction is not first established.'" *Balberdi v. Lewis*, No. CIV. 12-00582 ACK, 2013 WL 1296286, at *3 (D. Haw. Mar. 8, 2013), *report and recommendation adopted*, No. CIV. 12-00582 ACK-KS, 2013 WL 1291780 (D. Haw. Mar. 27, 2013) (quoting *Abels v. State Farm Fire & Casualty Co.,* 770 F.2d 26, 33 n.10 (3d Cir. 1985); *Moore v. Johnson & Johnson*, No. CV 12-490, 2012 WL 5363123, at *15 (E.D. Pa. Nov. 1, 2012) ("[A] district court assessing the viability of state law claims at the fraudulent joinder stage should not engage in a choice of law analysis and should instead apply the body of law suggested by the plaintiff, so long as that choice of law is itself colorable.")).

Accordingly, because "Plaintiff commenced the action in [California], and *Hunter v. Philip Morris USA* provides that joinder is fraudulent if a plaintiff's failure to state a cause of action against a resident defendant 'is obvious according to the settled

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 20-9621-MWF (MRWx)            **Date:** December 2, 2020
**Title:** Michael Silas v. Dignity Health et al.

rules of the state,' 582 F.3d at 1043, the Court finds that [California] law should apply for the purpose of assessing fraudulent joinder." *Id.*

In the alternative, Acumed argues that Plaintiff fails to state a viable cause of action against Dignity Health under California law. (Motion at 13-14).

Assuming without deciding that the Complaint fails to state a valid claim against Dignity Health, remand is proper because there is a non-fanciful possibility that Plaintiff could state a claim under California law against Dignity Health by supplementing the Complaint with additional allegations or causes of action. *See Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure the purported deficiency.") (citation and internal alterations omitted). For example, with respect to Plaintiff's fraud claim, Acumed merely argues that the Complaint's allegations are insufficient to meet the particularity requirements of Rule 9(b). (*See* Motion at 14). Such a problem could be cured on amendment.

With respect to Plaintiff's negligence claims, Acumed's blanket assertion that a hospital cannot be held vicariously liable for the negligent acts of its physicians is not supported by California law. Rather, "California case precedent establishes a hospital may be held liable for a doctor's malpractice when the physician is actually employed by the hospital or is ostensibly the agent of the hospital." *Elam v. Coll. Park Hosp.*, 132 Cal. App. 3d 332, 337, 183 Cal. Rptr. 156 (1982)); *see also id.* at 340 ("case precedent establishes a hospital has a duty of reasonable care to protect patients from harm") (cited with approval in *El-Attar v. Hollywood Presbyterian Med. Ctr.*, 56 Cal. 4th 976, 993, 157 Cal. Rptr. 3d 533 (2013)). And even if Dr. Fontes were not an employee or agent of Dignity Health (an issue which Acumed did not attempt to address), Plaintiff could add a cause of action against Dignity Health for corporate negligence. *See id.* at 346 ("a hospital is accountable for negligently screening the competency of its medical staff to ensure the adequacy of medical care rendered to patients at its facility").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV 20-9621-MWF (MRWx) | Date:  December 2, 2020 |
| Title:  Michael Silas v. Dignity Health et al. | |

In light of the "strong presumption against removal jurisdiction," the Court determines that Acumed has failed to meet its burden of establishing that Dignity Health was fraudulently joined.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**V.      CONCLUSION**

For the reasons stated above, the Motion is **GRANTED**.  The Court **REMANDS** this action to Los Angeles Superior Court.

The Motion to Dismiss is therefore **DENIED** *as moot*.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or as to whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.